IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LANARD & AXILBUND, LLC d/b/a
COLLIERS INTERNATIONAL,

        Plaintiff,

  v.

JASON M. WOLF and WOLF
COMMERCIAL REAL ESTATE,

        Defendants.

**Civil Action No. 2:14-cv-00234-PBT**

**Document Electronically Filed**

---

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

---

Dated: January 22, 2014

**FLASTER GREENBERG, P.C.**
Kenneth S. Goodkind, Esquire
Adam E. Gersh, Esquire
Commerce Center
1810 Chapel Avenue West
Cherry Hill, New Jersey 08002-4609
Telephone No. (856) 661-1900
Facsimile No. (856) 661-1919
adam.gersh@flastergreenberg.com
*Attorneys for Defendants*

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................... 2

    A.    Wolf goes to work for Plaintiff in New Jersey ............................................... 2

    B.    Wolf is promoted and signs the Operating Agreement that supersedes his earlier agreement, narrows his non-solicitation obligations, and, most importantly, mandates arbitration ............................................................................ 3

ARGUMENT .............................................................................................................................. 4

    I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS NOT PROPER ............................................................................ 4

    II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE CLAIMS MUST BE ARBITRATED ............................................................. 7

    III.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST WCRE AND, THEREFORE ALL CLAIMS AGAINST WCRE SHOULD BE DISMISSED ............................................................................................... 10

CONCLUSIONS ...................................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Alford v. Dean Witter Reynolds, Inc.,
 975 F.2d 1161 (5th Cir. 1992) ...................................................................................................10

Am. Standard Life & Acc. Ins. Co. v. U.R.L., Inc.,
 701 F.Supp. 527 (M.D. Pa. 1988) .............................................................................................11

AT&T Technologies, Inc. v. Communications Workers of America,
 475 U.S. 643 (1986).................................................................................................................8, 9

Battaglia v. McKendry,
 233 F.3d 720 (3rd Cir. 2000) .......................................................................................................8

Cottman Transmission Systems v. Martino,
 36 F.3d 291 (3d Cir. 1994)...........................................................................................................6

Eberle Tanning Co. v. Section 63L, FLM Joint Board, Allegheny Division, United Food
 and Commercial Workers Int'l Union,
 682 F.2d 430 (3rd Cir. 1982) .....................................................................................................10

First Liberty Inv. Group v. Nicholsberg,
 145 F.3d 647 (3rd Cir. 1998) .......................................................................................................8

Hayes v. Gross,
 982 F.2d 104 (3d Cir.1992)........................................................................................................11

Henshell Corp. v. Childerston,
 CIV. A. 99-2972, 1999 WL 549027 (E.D. Pa. July 28, 1999).....................................................5

Loeb v. Bank of Am.,
 254 F. Supp. 2d 581 (E.D. Pa. 2003) ...........................................................................................6

Mastrobuono v. Shearson Lehman Hutton, Inc.,
 514 U.S. 52 (1995).......................................................................................................................9

McAllister v. Royal Caribbean Cruises, Ltd.,
 No. 02–2393, 2003 WL 23192102 (E.D. Pa. 2003) ..................................................................11

MGM Auto. Grp., LLC v. Genuine Parts Co.,
 CIV.A. 13-9, 2013 WL 967956 (W.D. Pa. Mar. 12, 2013) .......................................................11

Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,
 460 U.S. 1 (1983).........................................................................................................................8

Nami v. Fauver,
    82 F.3d 63 (3d Cir. 1996) .................................................................................................10

Sharon Steel Corp. v. Jewell Coal & Coke Co.,
    735 F.2d 775 (3rd Cir. 1984) ..............................................................................................8

Somerset Consulting, LLC v. United Capital Lenders, LLC,
    832 F. Supp. 2d 474 (E.D. Pa. 2011) ...............................................................................7, 9

TJF Associates, LLC. v. Kenneth J. Rotman & Allianex, LLC.,
    CIV.A. 05-705, 2005 WL 1458753 (E.D. Pa. June 17, 2005) ...........................................5

United Steel Workers of America, AFL-CIO-CLC v. Lukens Steel Co., Division of
    Lukens, Inc.,
    969 F.2d 1468 (3rd Cir. 1992) ............................................................................................9

Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford, Jr. Univ.,
    489 U.S. 468 (1989) ...........................................................................................................8

Willy v. Coastal Corp.,
    503 U.S. 131 (1992) .........................................................................................................10

**STATUTES**

9 U.S.C. § 3 (2014) .................................................................................................................8

28 U.S.C. § 1391(a) (2014).........................................................................................1, 4, 5, 6, 7

28 U.S.C. § 1406 (2014) ......................................................................................................4, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12....................................................................................................................2

Fed. R. Civ. P. 81(c)(1)..........................................................................................................10

Federal Rule of Civil Procedure 12(b)(3)(B).........................................................................4

Federal Rule of Civil Procedure 12(b)(6) ............................................................................10

## PRELIMINARY STATEMENT

For more than 16 years, Defendant Jason M. Wolf worked for Plaintiff Lanard & Axilbund, LLC d/b/a/ Colliers International ("Plaintiff" or "L&A") as a commercial real estate salesperson focusing on the office building market in South Jersey. In 2012, when Jason Wolf decided to end his affiliation with Plaintiff and founded Wolf Commercial Real Estate, LLC ("WCRE"), Plaintiff began a far-reaching campaign to harass Defendants, chill their competitive activities, and restrain trade.

After failing to stop Defendants from thriving in South Jersey's office real estate market, and on the eve of the expiration of Jason Wolf's non-solicitation obligations, Plaintiff's brought this Complaint in an unjustified effort to beat back a competitor who fully complied with each and every obligation Wolf owed to his former employer. In addition to the unfounded and conclusory factual allegations that comprise the entirety of Plaintiff's Complaint, the frivolous nature of Plaintiff's Complaint is further demonstrated by its procedural deficiencies that warrant dismissing it with prejudice. Specifically, Plaintiff's Complaint should be dismissed for three separate reasons: (i) this is not the proper venue; (ii) Plaintiff's claims are subject to a mandatory arbitration clause that Plaintiff's Complaint conceals; and (iii) Plaintiff's claims against WCRE seek to recover for breach of a contract that Plaintiff fails to even allege existed.

First, venue is improper and Plaintiff's Complaint should be dismissed because Defendants do not reside in this district and none of the underlying facts occurred in this district. As such, Plaintiff cannot meet its burden to show venue is proper in this district pursuant to 28 U.S.C. § 1391(a) (2014), and, for that reason alone, dismissal is warranted.

Second, Plaintiff's claims must be arbitrated and dismissal is also warranted for this reason. Plaintiff's Complaint disingenuously relies on Wolf's 1998 agreement with Plaintiff and conceals that Wolf entered into a membership agreement in 2010 that supersedes the earlier

agreement and mandates arbitration.  Plaintiff does not even refer in its own membership agreement in its pleading, presumably because Plaintiff calculated that its campaign of harassment was better served through this public filing.  Nonetheless, the 2010 agreement is controlling and Plaintiff's Complaint has no merit and should be dismissed.

Third, Plaintiff's breach of contract claims against WCRE cannot stand because Plaintiff does not allege, nor can it allege, that it entered into a contract with WCRE.  The only contract Plaintiff alleged it entered into in its Complaint (and the only contract Plaintiff attaches to its Complaint) is a contract with Jason Wolf, not WCRE.  Accordingly, Plaintiff's claims against WCRE are fatally flawed and this is yet another reason why Plaintiff's Complaint should be dismissed.

For these reasons, as argued more fully below, Defendants respectfully submit that Plaintiff's Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

Defendants incorporate by reference the facts set forth in Plaintiff's Complaint.  Pursuant to Fed. R. Civ. P. 12 (2014), these facts, although disputed, shall be accepted as true for the purposes of this Motion only.  Notwithstanding the foregoing, and for the convenience of the Court, Defendants provide the following summary of relevant facts.

### A. Wolf goes to work for Plaintiff in New Jersey

In or about 1995, Jason Wolf joined Plaintiff as a sales representative.  (Complaint at ¶ 7, Docket Entry No. 1).  On or about August 1, 1998, Plaintiff required Jason Wolf to sign an "Independent Contractor Agreement."  (Complaint at Exhibit A, Docket Entry No. 1).  Pursuant to the Independent Contractor Agreement, Jason Wolf was required to "perform such duties on behalf of [Plaintiff] as are customarily performed by salespeople or brokers in the commercial real estate field."  (Id.)  Specifically, Jason Wolf was assigned to perform commercial real estate

salesperson duties for the "office" market in Southern New Jersey for Plaintiff. (Id. and Certification of Jason M. Wolf submitted herewith ("Wolf Cert.") at ¶ 9).

    **B.    Wolf is promoted and signs the Operating Agreement that supersedes his earlier agreement, narrows his non-solicitation obligations, and, most importantly, mandates arbitration**

On or about December 16, 2010 (but retroactively effective to January 1, 2010), Jason Wolf was promoted by Plaintiff to become a member of Plaintiff. (Wolf Cert. at ¶ 11 and Operating Agreement and Related Membership Documents ("Operating Agreement") at Ex. A). Pursuant to a purchase agreement, Jason Wolf purchased a two percent (2%) membership interest in Plaintiff for Ninety One Thousand Five Hundred Ninety Dollars ($91,590). (Id. at ¶ 11).

Although Plaintiff purposefully fails to acknowledge the existence of the Operating Agreement and/or its applicability in its Complaint, once Jason Wolf was a member of Plaintiff, the Operating Agreement, by its terms, superseded his Independent Contractor Agreement and controls any ongoing obligations. It provides, in relevant part:

> **10.3. Entire Agreement.**
>
> This Agreement constitutes the entire agreement of the Members relating to the Company and supersedes all prior contracts or agreements with respect to the Company, whether oral or written.

(Operating Agreement at § 10.3, Ex. A to Wolf Cert.).

In addition, the Operating Agreement also modified the post-employment restrictions that are the subject of this lawsuit, including significantly narrowing the definition of "Clients" Jason Wolf was prohibited from soliciting to exclude a person or entity whose primary function or business is owning or operating real estate. (Operating Agreement at §§ 7.3 and 7.6, Ex. A to Wolf Cert.).

-3-

Importantly, the Operating Agreement also included a remedy provision mandating that all disputes, such as this one, are subject to arbitration, providing, in relevant part:

> **10.12. Arbitration.**
>
> Any controversy or claim arising out of or related to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the then current rules for commercial arbitration of the American Arbitration Association in Philadelphia, Pennsylvania.

(Operating Agreement at § 10.12, Ex. A to Wolf Cert.).

The Operating Agreement governs all post-employment obligations Wolf owes or owed to Plaintiff, but it does not change that, throughout the course of Jason Wolf's relationship with Plaintiff as a salesperson, independent contractor, and member his sales territory was limited to Southern New Jersey. (Wolf Cert. at ¶ 12).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS NOT PROPER

Federal Rule of Civil Procedure 12(b)(3)(B) (2014) permits Defendants to move to dismiss when venue is improper. In relevant part, it provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> * * *
>
> (3) improper venue;

Fed. R. Civ. P. 12(b)(3)(B) (2014). Where, as here, matter is filed in the wrong district, "The district court . . . shall dismiss." 28 U.S.C. § 1406 (2014).

Venue in this matter is governed by 28 U.S.C. § 1391(a) (2014), which provides this action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (2014). The Plaintiff fails all three tests.

First, venue is not proper under 28 U.S.C. § 1391(a)(1) because none of the Defendants reside in this judicial district. "For purposes of venue, an individual resides where he or she makes his or her residence or permanent home." TJF Associates, LLC. v. Kenneth J. Rotman & Allianex, LLC., CIV.A. 05-705, 2005 WL 1458753 (E.D. Pa. June 17, 2005) (dismissing action for improper venue) (citing Manley v. Engram, 755 F.2d 1463, 1466 n. 3 (11th Cir.1985)). "Residence, for purposes of determining venue, is the place where an individual has his domicile or permanent home." Henshell Corp. v. Childerston, CIV. A. 99-2972, 1999 WL 549027 (E.D. Pa. July 28, 1999) (citing Manley, 755 F.2d 1463, 1466 n. 3 ("it is the individual's 'permanent' residence—i.e., his domicile—that is the benchmark for determining proper venue"); Rosenfeld v. S.F.C. Corp., 702 F.2d 282, 283 (1st Cir.1983) (noting that individual defendants "reside" where they "make their home"); 15 Charles A. Wright et al., *Federal Practice And Procedure* § 3805, at 33–35 (2d ed.1985) (noting that courts apply the "same test of domicile in determining 'residence' for venue purposes as is applied in determining 'citizenship' for jurisdictional purposes")). As Plaintiff acknowledges in its pleading, Defendants are both residents of New Jersey and not residents of Pennsylvania for the purposes of venue. (Complaint at ¶¶ 3-4, Docket Entry No. 1).

Second, venue is not proper under 28 U.S.C. § 1391(a)(2) because no substantial part of the events or omissions giving rise to the claim occurred in this judicial district. On this point, Plaintiff bears the burden of pointing to substantial events or omissions that occurred in this judicial district. Loeb v. Bank of Am., 254 F. Supp. 2d 581, 586 (E.D. Pa. 2003) (holding plaintiff's contentions that defendant sent correspondence, made phone calls, and caused economic harm in the district fail to meet his burden to establish venue). Importantly, as the Third Circuit stated in Cottman Transmission Systems v. Martino, 36 F.3d 291, 294 (3d Cir. 1994), "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough." The test for determining venue, therefore, "is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" Id., at 294 (citing Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th Cir.1994)).

Plaintiff's pleading does not even attempt to identify any substantial events or omissions that occurred in this judicial district and, to the contrary only identifies events that occurred in New Jersey. For example, part of Plaintiff's claim is that Jason Wolf violated his duties to Plaintiff by attempting to encourage Evan Zweben, Plaintiff's employee, to join WCRE (Complaint at ¶ 25, Docket Entry No. 1), however, Zweben is employed in Plaintiff's Southern New Jersey office and does not conduct business in this judicial district. (Wolf Cert. at ¶ 13 and http://www.colliers.com/evan.zweben ("*Evan specializes in the leasing and sale of office and medical properties in Southern New Jersey.*")).

Third, venue is not proper under 28 U.S.C. § 1391(a)(3) because there are other districts in which this action may otherwise be brought. Specifically, Plaintiff could bring this action in

the District of New Jersey pursuant to 28 U.S.C. § 1391(a)(1) because both Defendants are residents of that district.

For these reasons, it is clear that venue is improper under 28 U.S.C. § 1391(a) and, pursuant to 28 U.S.C. § 1406(a), this matter should be dismissed. Although this matter should be dismissed in its entirety, to the extent, if any, that the Court is inclined to exercise its discretion to transfer this action pursuant to 28 U.S.C. § 1404(a) (2014) it should transfer this matter to the United States District Court for the District of New Jersey.

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE CLAIMS MUST BE ARBITRATED

While, as set forth above, this Court should dismiss the pending action because the venue is improper, if this Court does not dismiss this action outright for improper venue, it should nonetheless dismiss Complaint because the parties agreed to arbitrate their disputes. When Plaintiff offered Mr. Wolf a 2% equity interest in the firm, it insisted he sign the Operating Agreement. While Plaintiff disingenuously avoids any mention of the Operating Agreement, it expressly (1) superseded any earlier agreements and (2) requires the parties to submit any disputes to binding arbitration.

Where, as here, the parties have a binding arbitration agreement and a plaintiff asserts claims that fall within the scope of the arbitration agreement, they must be dismissed. <u>Somerset Consulting, LLC v. United Capital Lenders, LLC</u>, 832 F. Supp. 2d 474, 489 (E.D. Pa. 2011) (dismissing plaintiff's breach of contract claims when the parties entered into an underlying agreement that included a provision mandating that matters be resolved through arbitration). Indeed, the principles underlying the policies favoring arbitration agreements are well-established in this Circuit and are embodied in the Federal Arbitration Act ("FAA"), which codifies a strong, well-established, and widely recognized federal policy in favor of arbitration.

See 9 U.S.C. § 3 (2014)[1]; First Liberty Inv. Group v. Nicholsberg, 145 F.3d 647, 652-53 (3rd Cir. 1998); Sharon Steel Corp. v. Jewell Coal & Coke Co., 735 F.2d 775, 777-78 (3rd Cir. 1984) (noting the "strong federal policy favoring arbitration); Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary"). Indeed, the "primary purpose" of the FAA is to ensure "that private agreements to arbitrate are enforced according to their terms." Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford, Jr. Univ., 489 U.S. 468, 479 (1989).

Although Plaintiff was so anxious to litigate this action and to try to purposely tarnish Defendants' reputations with a public filing, Plaintiff cannot escape the dispositive effect of the Operating Agreement's mandatory arbitration clause. Plaintiff's reliance on Jason Wolf's 1998 Independent Contactor Agreement is not justified when, by the express terms of the Operating Agreement, it "supersedes all prior contracts or agreements with respect to the Company." (Operating Agreement at § 10.3, Ex. A to Wolf Cert.).

The policies supporting enforcement of this arbitration clause is so strong that, in cases involving arbitration agreements, courts apply a presumption of arbitrability and resolve all doubts in favor of arbitration. See AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986); Battaglia v. McKendry, 233 F.3d 720, 725 (3rd Cir. 2000) (stating "[i]n construing the scope of an arbitration clause, courts generally operate under a 'presumption of arbitrability' "). Indeed, "As a matter of federal law, any doubts concerning the

---

[1] While § 3 of the FAA permits parties to an arbitration agreement to move for a stay of a proceeding pending arbitration, any application for such a stay should be brought before a Court with proper venue and, therefore, Defendants do not seek a stay at this time. Defendants reserve their right to apply for a stay of this proceeding in the event, if any, this proceeding remains in this venue.

scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 n.8 (1995) (quoting Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25). As our Supreme Court has repeatedly made clear, doubts regarding arbitrability should be resolved in favor of arbitration "unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." AT&T Technologies, 475 U.S. at 650. Where, as here, the arbitration clause is broad this mandate applies with particular force: "the party contesting the presumption of arbitrability bears the burden of producing 'strong and forceful evidence of an intention to exclude the matter from arbitration." United Steel Workers of America, AFL-CIO-CLC v. Lukens Steel Co., Division of Lukens, Inc., 969 F.2d 1468, 1475 (3rd Cir. 1992).

Further, to the extent if any, that Plaintiff argues that its request for injunctive relief entitles it to escape arbitrating its claims, that argument has been roundly rejected. As the Court in Somerset Consulting, LLC, 832 F. Supp. 2d at 489 noted, Courts have rejected challenges to arbitration premised on the unavailability of injunctive relief in the arbitral forum. Id. (citing HCI Technologies, Inc. v. Avaya, Inc., 241 Fed.Appx. 115, 125 n. 12 (4th Cir.2007) ("We have previously noted that '[a]rbitrators enjoy broad equitable powers' and 'may grant whatever remedy is necessary to right the wrongs within their jurisdiction.' "); Bank of Hemet v. Open Solutions, Inc., 2011 WL 486572, at *3 (C.D.Cal.2011) ("[T]he Court finds the parties have agreed that arbitration is appropriate for resolving disputes in this matter, including disputes over injunctive relief."); Miller v. Equifirst Corp. of WV, 2006 WL 2571634, at *16 (S.D.W.Va.2006) ("Plaintiffs provide no support for their assertion that declaratory and injunctive relief are

-9-

unavailable to them were this matter to proceed to arbitration. In fact, it appears that the opposite is true.")).

Accordingly, where, as here, all of the issues raised in the Complaint must be submitted to arbitration, the court should dismiss the case. See Eberle Tanning Co. v. Section 63L, FLM Joint Board, Allegheny Division, United Food and Commercial Workers Int'l Union, 682 F.2d 430, 431-34 (3rd Cir. 1982) (affirming the district court's decision dismissing the action and directing the parties to arbitrate the dispute); see also Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (a dismissal of the case is proper "when all of the issues raised in the district court must be submitted to arbitration").

### III. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST WCRE AND, THEREFORE ALL CLAIMS AGAINST WCRE MUST BE DISMISSED

In addition to the aforementioned reasons why Plaintiff's Complaint should be dismissed, Plaintiff's claims against WCRE should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the only substantive claim that Plaintiff asserts against WCRE is a breach of contract (Count II)[2] and Plaintiff does not even allege the existence of a contract.

Federal Rule of Civil Procedure 12(b)(6) permits the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6) (2014). In deciding a Rule 12(b)(6) motion to dismiss, the Court must reasonably read the complaint and decide whether the Plaintiff has pled a cognizable cause of action entitling it to relief. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).[3] In making this determination, the Court accepts as true

---

[2] Plaintiff also seeks a permanent injunction but does not identify any further substantive basis for seeking such relief against WCRE.

[3] Even though this matter was initially filed in Pennsylvania's Court of Common Pleas, Plaintiff must meet this Court's pleading standard now that the matter has been removed and Plaintiff fails to do so. Fed. R. Civ. P. 81(c)(1) (2014); Willy v. Coastal Corp., 503 U.S. 131, 134–35 (1992) (noting that the Federal Rules of Civil Procedure govern removal actions); Am. Standard

all of the well-pleaded factual allegations within the complaint and any reasonable inferences drawn therefrom.  Hayes v. Gross, 982 F.2d 104, 105-06 (3d Cir.1992).

Therefore to meet this standard and to survive this motion to dismiss, at a minimum, Plaintiff must at leas, properly plead the elements of a cause of action for breach of contract: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages.  McAllister v. Royal Caribbean Cruises, Ltd., No. 02–2393, 2003 WL 23192102, 4 (E.D. Pa. 2003).  Nonetheless, Plaintiff fails to meet this standard because Plaintiff fails to allege that it was party to a contract with WCRE and, in fact, it was not party to any such contract.

For this reason alone, Plaintiff's claims against WCRE must be dismissed because it is axiomatic that Plaintiff must allege the existence of a binding, enforceable contract to state a claim for breach of contract.  MGM Auto. Grp., LLC v. Genuine Parts Co., CIV.A. 13-9, 2013 WL 967956 (W.D. Pa. Mar. 12, 2013) ("Defendant's motion to dismiss Plaintiffs' breach of contract claim is granted due to Plaintiffs' failure to plead the existence of an enforceable contract").

---

Life & Acc. Ins. Co. v. U.R.L., Inc., 701 F.Supp. 527, 540 (M.D. Pa. 1988) (reliance on Pennsylvania pleading standard is "misplaced" in federal court).

## CONCLUSIONS

For the foregoing reasons, Defendants respectfully submit that Plaintiff's Complaint should be dismissed with prejudice.

Dated: January 22, 2014

        **FLASTER GREENBERG, P.C.**
        */s/ Adam Gersh*
        Adam E. Gersh (Attorney I.D. 92405)
        **FLASTER/GREENBERG, P.C.**
        Commerce Center
        1810 Chapel Avenue West
        Cherry Hill, New Jersey 08002-4609
        Telephone No. (856) 661-1900
        Facsimile No. (856) 661-1919
        adam.gersh@flastergreenberg.com
        *Attorneys for Defendants*